# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 06-CR-119

ELADIO SANCHEZ-LOZANO,

        Defendant.

## ORDER

On May 16, 2006, the grand jury returned under seal a two count indictment against Eladio Sanchez-Lozano ("Sanchez-Lozano"), which was ordered unsealed on February 14, 2007. The indictment alleges in count one that Sanchez-Lozano did knowingly conduct a money transmitting business that was not licensed in the State of Wisconsin, in violation of Title 18, United States Code, Sections 1960(a) and 1960(b)(1)(A). Count two alleges that Sanchez-Lozano did knowingly conduct a money transmitting business that affected interstate and foreign commerce, and failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed under that section, in violation of Title 18, United States Code, Section 1960(a) and 1960(b)(1)(B). Also included in the indictment was a notice of forfeiture. A jury trial is scheduled to commence before Chief Judge Rudolph Randa on September 17, 2007.

On June 15, 2007, Sanchez-Lozano filed two motions: a motion for a bill of particulars and a motion for notice of the government's intent to use evidence of expert witnesses or any uncharged misconduct. As for Sanchez-Lozano's second motion, no further action of this court is needed.

Sanchez-Lozano is entitled to the information he seeks simply by requesting it and his motion shall act as that request. Sanchez-Lozano requests that disclosure be done not less than 30 days before trial. The government offers no response to Sanchez-Lozano's motion and therefore the court shall order the government to disclose a written summary of the nature of any expert witnesses' opinions, the bases and reasons for these opinions, and the witnesses' qualifications, and any uncharged misconduct evidence that the government intends to use not less than 30 days before trial.

As for Sanchez-Lozano's motion for a bill of particulars, Sanchez-Lozano requests that the court order the government to disclose (1) the State of Wisconsin criminal offense that underlies the allegation in count one; (2) the manner and means by which the defendant obtained fees or other consideration to transmit money or sell checks such that a license was required under Chapter 217 of the Wisconsin Statutes; (3) identify the manner and means by which the defendant transferred funds "on behalf of the public;" (4) identify the manner and means by which the defendant failed to comply with the money transmitting business registration requirements of 31 U.S.C. § 5330, or the regulations prescribed under that section; and (5) identify the order, rule, or regulation promulgated by the Secretary of the Treasury that would have required Sanchez-Lozano to file a report under 31 U.S.C. § 5313. Sanchez-Lozano alleges that this information is necessary to permit him to adequately defend himself and that the discovery fails to provide him with this necessary information.

The government again offers no response to Sanchez-Lozano's motion for a bill of particulars.

Federal Rule of Criminal Procedure 7(f) permits the court, at its discretion, to order the government to provide a defendant with a bill of particulars. A court need not order the government to provide a bill of particulars if the "indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (citing

2

United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981)). "In determining whether the indictment sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's clarity, and the availability of discovery." United States v. Caputo, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003) (citing United States v. Swiatek, 632 F. Supp. 985, 988 (N.D. Ill. 1986)).

A bill of particulars is not required if the information necessary for a defendant's defense can be obtained through some other satisfactory means such as discovery or through the operation of the government's open file policy. Id.; United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003). However, although a defendant is entitled to know the nature of the charges against him and the government's theory of prosecution, the defendant is not entitled to know precisely how the government intends to prove its case. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981).

In light of the government's failure to offer any objection to the defendant's request, the court shall grant in part Sanchez-Lozano's motion for a bill of particulars. With respect to count one, the government shall inform Sanchez-Lozano of the Wisconsin statute or statutes that make operation of a money transmitting business without a license a misdemeanor or a felony under state law.

As for count two, the government shall disclose in a bill of particulars the specific subsection or subsections of 31 U.S.C. § 5330 or the regulations prescribed under that section, that it alleges Sanchez-Lozano failed to comply with so as to allegedly violate 18 U.S.C. § 1960(b)(1)(B).

The court shall deny all of Sanchez-Lozano's requests for the "manner and means" by which he allegedly engaged in certain conduct. A bill of particulars may not be utilized as a means by which the defendant may learn how it is that the government intends to prove its case. The

manner and means by which the defendant allegedly committed the crimes he is charged with are matters of proof for trial.

**IT IS THEREFORE ORDERED** that the defendant's motion for a bill of particulars (Docket No. 22) is **granted in part and denied in part**. The government shall provide to the defendant not less than 30 days before trial a bill of particulars that states (1) the Wisconsin statute or statutes that make operation of a money transmitting business without a license a misdemeanor or a felony under state law and (2) the specific subsection or subsections of 31 U.S.C. § 5330 or the regulations prescribed under that section, that it alleges Sanchez-Lozano failed to comply with so as to allegedly violate 18 U.S.C. § 1960(b)(1)(B). The defendant's motion for a bill of particulars is denied as to all other grounds.

**IT IS FURTHER ORDERED** that the defendant's motion for notice (Docket No. 23) is **granted**. The government shall disclose a written summary of the nature of any expert witnesses' opinions, the bases and reasons for these opinions, and the witnesses' qualifications, and any uncharged misconduct evidence that the government intends to use not less than 30 days before trial.

Dated at Milwaukee, Wisconsin this 12th day of July, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

4
Case 2:06-cr-00119-RTR   Filed 07/12/07   Page 4 of 4   Document 28